UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DERRICK RICHARDS WHITE, | No. C 12-00568 MEJ |
| Plaintiff, | **ORDER RE: IFP APPLICATION** |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Derrick Richards White's Application to Proceed In Forma Pauperis. Dkt. No. 2. For the following reasons, the Court DENIES Plaintiff's application and DISMISSES his Complaint WITH PREJUDICE.

**LEGAL STANDARD**

The benefit of proceeding in forma pauperis is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(a)(1), "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the statute also authorizes the district court to dismiss a claim filed in forma pauperis "at any time" if the Court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). However, when reviewing a complaint the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will

not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found to be deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**ANALYSIS**

**A.  Plaintiff's IFP Application**

To obtain the privilege of proceeding in forma pauperis, Plaintiff must demonstrate his inability to pay the requisite fees and costs. *Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that the applicant cannot pay court costs and still be able to provide himself with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has discretion to make a factual inquiry into Plaintiff's financial status and to deny his request to proceed IFP where he is unable or unwilling to verify his poverty. *Id.* If the Court determines that Plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2).

Here, Plaintiff's IFP Application, taken at face value, demonstrates that he is unable to pay the requisite fees and costs. Plaintiff alleges that he is not employed, has no income, and has monthly expenses of $645. Assuming that Plaintiff is being truthful in his IFP application, which he signed under penalty of perjury, based on the foregoing, the Court concludes that he is unable to pay the filing fee.

**B.  Plaintiff's Complaint**

Plaintiff Derrick Richards White filed the instant action against the Regents of the University of California (the "Regents"), appearing to allege a civil rights action for violation of the "Parents

Bill of Rights." Plaintiff contends the Regents diagnosed his child with a genetic disease, but he believes his child had an acquired form of the disease. Therefore, Plaintiff claims the Regents violated his civil rights because the defendant mislead him as to the child's condition and violated the "California Parents Bill of Rights Act." However, the Court is unaware of any such "California Parents Bill of Rights Act."

Regardless, as a threshold matter, the Court finds that the Regents are entitled to Eleventh Amendment Immunity. The Eleventh Amendment to the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in Federal Court." *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Tr. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001)). The immunity extends to state law claims as well as claims brought pursuant to federal law and/or statute. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533 (2002). The United States Supreme Court has ruled that the Eleventh Amendment immunity applies to the Regents. *Regents of Univ. of California v. Doe*, 519 U.S. 425 (1997); *see also Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). Thus, this action is barred. As the type of relief Plaintiff seeks from the Regents is barred, amendment could not possibly cure the deficiency, and the complaint must therefore be dismissed without leave to amend.

## CONCLUSION

Based on this analysis, the Court hereby DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND. The Clerk of Court shall close the file.

Dated: February 22, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DERRICK RICHARDS WHITE,

            Plaintiff,

   v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

            Defendant.
                                        /

No. C 12-00568 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick Richard White
5334 Golden Stream Drive
Houston, TX 77066

Dated: February 22, 2012

                                     Richard W. Wieking, Clerk
                                     By: Brenda Tolbert, Deputy Clerk

UNITED STATES DISTRICT COURT
For the Northern District of California